IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM MARROW-EL, #120-356           *
      Plaintiff
      v.                              *   CIVIL ACTION NO. JFM-11-1009

BOBBY SHEARIN, et al.,                *
      Defendants
                                ***

**MEMORANDUM**

      Defendants Bobby Shearin and J. Michael Stouffer, through counsel, have filed a dispositive motion which is construed as a motion for summary judgment. ECF No. 12. Plaintiff has responded. ECF No. 14 & 15. Upon review of papers filed, the court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011).

**Background**

      Plaintiff, an inmate currently confined at the North Branch Correctional Institution in Cumberland, Maryland alleges that he is a Vietnam combat veteran suffering from combat related post-traumatic stress disorder ("PTSD"). Plaintiff states that he was certified as a disabled veteran and granted a 10% disability compensation. He claims that since 1992 the Veterans Administration Hospital ("VA") has requested he appear to be examined by their staff for reevaluation of the disability rating. Plaintiff states that defendants repeatedly refused to transport him so that he could be examined at the VA. resulting in the denial of his claim for and increase in his VA benefits.[1] ECF Nos. 1 & 6.

      In support of his claim, plaintiff has provided a plethora of records from his case before the VA concerning his efforts to have his disability rating increased. ECF No. 12, Attachments.

---

[1] Although plaintiff is incarcerated his mother is able to collect a portion of his disability benefits. ECF No. 14.

The records contradict plaintiff's assertion that the United States Court of Appeals for Veterans Claims ordered he be re-evaluated at a VA hospital. Rather, the records demonstrate that there are several means for evaluating plaintiff and the responsibility for scheduling same rests on the VA. The joint motion for an order vacating and remanding the board decision indicates that "the parties agree a remand is necessary to provide an adequate medical examination in compliance with VA's duty to assist, that includes review of [plaintiff's] claims file. This should include an attempt to conduct an examination in person, **if practicable**." ECF No. 14, Ex. 4 (emphasis supplied). The counseled joint motion further indicates that the matter was being remanded because the October, 2002 VA examination was inadequate due to both the examiner's failure to review plaintiff's claims files and because no personal examination was performed, despite notification that the prison where plaintiff was then incarcerated would accommodate an examination of him at the prison. *Id*.

> Plaintiff provides further evidence that under VA procedures:
>
>> When an examination of an incarcerated veteran is required, the RO and/or the local VHA Medical Examination Coordinator should confer with prison authorities to determine whether the veteran should be escorted to a VA medical facility for examination by VHA personnel, or examined at the prison by VHA personnel, by prison medical providers at VA expense, or by fee-basis providers contracted by VHA. Accordingly, the RO must coordinate with the VAMC and with Department of Corrections authorities in order to afford the veteran a medical examination at VA expense…

*Id*., Ex. 5(B). A "statement of the case" before the Department of Veterans Affairs Baltimore Regional Office, dated April 8, 2011, indicates that on February 14, 2011 a form was sent to NBCI requesting the examination be done at NBCI. On that same date an examination sheet was faxed to NBCI. On March 29, 2011, the VA received medical evidence from NBCI. On April 8, 2011, a note was entered that NBCI would not perform the examination as requested by the VA.

2

The statement further noted:

> We attempted to have you examined at VAMC Martinsburg and VAMC Baltimore but both facilities canceled the examinations. VAMC Baltimore and Martinsburg do not send doctors into Correctional facilities. You could not be transported to the nearest facility at Martinsburg because it is across states' lines and prohibited by the prison.  VAMC Baltimore could not bring you to their facility due to the cost factor and the fact that the security at the hospital stated they could not handle it….We sent examinations request to your prison, North Branch Correctional Institute, to try to see if there was a link between your sleep disorder and PTSD. However, the Prison does not perform individual examinations that would be required for this determination.  They sent medical records that they had on you but they were insufficient for rating purposes.

*Id.*, Ex. 11.

Plaintiff also provided correspondence from the attorney representing him before the VA who indicated that while the VA stated it sent examination requests to the correctional institution, there was no indication they made efforts to directly contact any prison official or medical staff regarding the requests.  Counsel also observed that there was no indication that VA attempted to conduct a telemental examination using video conference technology-which would enable plaintiff to be assessed without the VA examiner physically travelling to the prison. *Id.*, Ex. 14.

Lastly, plaintiff has provided the September 2, 2011, decision of the Board of Veterans Appeals regarding his claim.  The opinion details the efforts to have plaintiff examined.  The Board found that:

> the VA had discharged its duty to assist plaintiff in being examined.  It stated: the record shows that the Veteran is serving a life sentence at a maximum security prison and has reported having made two attempts to escape…To this extent, the record clearly shows that VA is unable to provide appropriate security measures for conducting a VA examination.  In 2011, the RO was informed

3

>that the correctional facility did not have the time, money or staff to conduct the examination. The VA medical staff policies were also noted to prohibit sending an examiner into maximum security prisons to conduct examinations.

ECF No. 15.

Defendants aver that inmates are not permitted outside of the prison for personal appointments. Due to security concerns, inmates are only permitted to leave the institution for institutional transfers, court appearances and emergency medical matters. ECF No. 12, Ex. 1 & 2. The institution, however, allows for private visits by attorneys, social workers, counselors, and others, if a request is made in advance and there are no security concerns. The Warden at NBCI has received no requests from the Department of Veterans Affairs to meet with plaintiff. *Id*., Ex. 1.

## Standard of Review

A.      Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 1969. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

B.       Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.,* 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.,* 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

"[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison

system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). In the prison context there are two different types of constitutionally protected liberty interests which may be created by government action. The first is created when there is a state created entitlement to an early release from incarceration. *See Board of Pardons v. Allen*, 482 U. S. 369, 381 (1987) (state created liberty interest in parole); *Wolff v. McDonnell*, 418 U. S. 539, 557 (1974) (state created liberty interest in good conduct credits). The second type of liberty interest is created by the imposition of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U. S. 472, 484 (1995). Following the reasoning of the Supreme Court in *Sandin*, it is not atypical for inmates to be transferred among correctional facilities. *See Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997).

Plaintiff has not stated a cognizable claim as he has failed to identify a liberty interest that is protected by the Due Process Clause. First, plaintiff has not identified a statute or regulation using mandatory language creating an enforceable expectation of a liberty interest in being transported from a state facility for a medical examination. "[T]he ultimate determination of whether the conditions impose such an atypical and significant hardship that a liberty interest exists is a legal determination . . . ." *Beverati*, 120 F.3d at 503 (citing *Sandin*, 515 U.S. at 485-87). As here, where regulations concerning transfers among facilities are of general application and contemplate routine management of the facility and concerns for safety, they do not impose "atypical and significant hardship on the inmate" as defined in *Sandin*. Because plaintiff has not shown a legitimate liberty interest — a necessary element of a procedural due process claim — plaintiff has failed to state a claim concerning his transfer to a VA hospital.

As to any claim that he was denied constitutionally adequate medical care, his claim likewise fails. The right to medical treatment is "limited to that which may be provided upon a reasonable cost and time basis and the essential test is one of medical *necessity* and not simply that which may be considered merely *desirable*." *Bowring v. Godwin,* 551 F.2d 44, 47-48 (4th Cir.1977) (emphasis added). Mere "[d]isagreements between an inmate and a physician over the inmate's proper care do not state a § 1983 claim unless exceptional circumstances are alleged." *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). Plaintiff's disagreement with a course of treatment does not provide the framework for a federal civil rights complaint. *See Russell v. Sheffer*, 528 F. 2d 318 (4th Cir. 1975). There is no indication that plaintiff's transport to a VA hospital for further evaluation of his disability was medically necessary. Moreover, the record reflects that arrangements could have been made, had they been requested, for plaintiff to be evaluated on site. Plaintiff and the VA failed to request such an accommodation.

Plaintiff's efforts to advance his claim as a denial of access to the courts is unavailing. Prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U. S. 817, 821 (1977). However:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U. S. 343, 355 (1996). Plaintiff's desire to litigate his disability claim is not constitutionally protected.

## Conclusion

For the reasons stated above, defendants' motions to dismiss or for summary judgment shall be granted. A separate order follows.

| | |
|---|---|
| \_\_\_February 2, 2012_____ | _____/s/_____ |
| Date | J. Frederick Motz |
| | United States District Judge |